IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD HARRISON, et al. | CASE NO.: 1:20-cv-01830 |
| Plaintiff | JUDGE: JAMES S. GWIN |
| vs. | |
| PINPOINT PAINTING, LLC, et al. | |
| Defendants. | |

**ANSWER OF DEFENDANTS PINPOINT PAINTING, LLC,
DOUG RAHMY, AND ZAK FORSYTHE**

Defendants Pinpoint Painting, LLC, Doug Rahmy, and Zak Forsythe, by and through undersigned counsel, for their Answer to the Complaint of Plaintiffs Donald Harrison and Michael A. Harrison, state as follows:

1. Defendants admit that paragraph 1 of Plaintiffs' Complaint accurately describes the nature of this lawsuit, and otherwise deny the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

2. Defendants admit that paragraph 2 of Plaintiffs' Complaint accurately describes the nature of this lawsuit, and otherwise deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

3. Defendants deny the allegations set forth in paragraph 4 of Plaintiffs' Complaint.

4. Defendants admit the allegations set forth in paragraph 3 of Plaintiffs' Complaint.

### Count One

### Violation of the Fair Labor Standards Act

5. Defendants admit the allegations set forth in paragraph 5 of Plaintiffs' Complaint.

6. Defendants deny that Doug Rahmy and Zak Forsythe "employed" Plaintiffs in any capacity, but admit that they are statutory "employers" under the Fair Labor Labor Standards Act, and otherwise deny the remainder of the allegations set forth in paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit the allegations set forth in paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit the allegations set forth in paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit that Plaintiffs worked more than 40 hours per work week, and deny the remaining allegations set forth in paragraph 9 of Plaintiffs' Complaint.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of Plaintiffs' Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of Plaintiffs' Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of Plaintiffs' Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiffs' Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of Plaintiffs' Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of Plaintiffs' Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of Plaintiffs' Complaint.

## Count Two

### Violation of the Ohio Minimum Fair Wage Standards Act

18. Defendants restate the prior admissions and denials as if fully rewritten herein.

19. Defendants admit that paragraph 1 of Plaintiffs' Complaint accurately describes the nature of this lawsuit, and otherwise deny the allegations set forth in paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of Plaintiffs' Complaint.

## Count Three

## Violation of Ohio Revised Code 4113.15

22. Defendants restate the prior admissions and denials as if fully rewritten herein.

23. Paragraph 23 of Plaintiff's Complaint is a statement of law for which no response is required, but if a response is required Defendants admit that paragraph 23 of Plaintiff's Complaint accurately summarizes O.R.C. § 4113.15.

24. Paragraph 24 of Plaintiff's Complaint is a statement of law for which no response is required, but if a response is required Defendants admit that paragraph 24 of Plaintiff's Complaint accurately summarizes O.R.C. § 4113.15(B).

25. Defendants admit the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of Plaintiff's Complaint.

## Count Four

## Class Action Allegations

27. Defendants restate the prior admissions and denials as if fully rewritten herein.

28. Defendants admit that paragraph 27 of Plaintiffs' Complaint accurately describes the nature of the class Plaintiffs seek to represent, and otherwise deny the allegations set forth in paragraph 27 of Plaintiffs' Complaint.

29. Defendants admit the allegations set forth in paragraph 28 of Plaintiffs' Complaint.

30. Defendants admit the allegations set forth in paragraph 29 of Plaintiffs' Complaint.

31. Defendants admit the allegations set forth in paragraph 30 of Plaintiffs' Complaint.

32. Defendants admit the allegations set forth in paragraph 31 of Plaintiffs' Complaint.

33. Defendants admit the allegations set forth in paragraph 32 of Plaintiffs' Complaint.

34. Defendants admit the allegations set forth in paragraph 33 of Plaintiffs' Complaint.

35. Defendants admit the allegations set forth in paragraph 34 of Plaintiffs' Complaint.

36. Defendants deny the allegations set forth in paragraph 35 of Plaintiffs' Complaint.

37. Defendants deny the prayer for relief set forth immediately following paragraph 35 of Plaintiffs' Complaint.

## Affirmative Defenses

38. Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated, fail to state a cause of action against Defendants for which relief can be granted.

39. Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated, are barred by the applicable statute of limitations.

40. Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated, are barred in whole or in part by accord and satisfaction.

41. Plaintiffs' claims, and each of them, brought on behalf of themselves and those similarly situated are barred in whole or in part by the doctrines of lacks, waiver, estoppel, ratification, acquiescence, or unclean hands.

42. Defendants at all times acted in good faith and with reasonable ground to believe they had not violated federal or Ohio law.

43. The Complaint, and each and every cause of action thereof, is barred or the damages flowing therefrom reduced, because Plaintiffs and putative class members failed to notify Defendants of the alleged statutory violation at the time that such violation allegedly occurred, which prevented Defendants from taking any action to remedy said violation.

44. The Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

45. Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the class action as set forth in the Complaint, if allowed to be tried upon, or as so-called representative evidence, would violate the procedural and substantive due process clauses of the state and federal constitutions.

46. Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the class action as set forth in the Complaint, seek the imposition of multiple penalties and/or exemplary damages, including liquidated damages, for the same basic wrongs, are unconstitutional, as such relief violates the due process clauses of both federal and state constitutions.

47. Federal law preempts one or more of Plaintiffs' state-law claims.

48. Defendants did not know or show reckless disregard for whether the FLSA prohibited their conduct.

49. Without assuming the burden of proof, Plaintiffs, and each of them, brought on behalf of themselves and the putative members of the class action as set forth in the Complaint, were compensated for all hours worked in excess of 40 in any particular week at a rate not less than set forth by the overtime provisions of the FLSA.

50. Defendants acted in good faith.

51. Defendants reserve the right to assert additional affirmative defenses based on further discovery.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that the Complaint, and each cause of action therein, be dismissed, with prejudice, the Plaintiffs and the putative class take nothing by way of the Complaint, Defendants be awarded their reasonable costs and attorneys' fees in defending this matter, and this Court orders such other and further relief for Defendants as this Court deems proper.

Respectfully submitted,

/s/ Jonathan T. Hyman
Jonathan T. Hyman (0068812)
jhyman@meyersroman.com
MEYERS, ROMAN, FRIEDBERG & LEWIS
Eton Tower
28601 Chagrin Blvd., Suite 600
Cleveland, Ohio 44122
Phone: (216) 831-0042
Fax: (216) 831-0542

*Counsel for Defendants Pinpoint Painting, LLC, Doug Rahmy, and Zak Forsythe*

## Certificate of Service

I hereby certify that on August 26, 2020, I electronically filed the foregoing *Notice of Removal* using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record for Plaintiff:

Alan I Goodman, Esq.
55 Public Square, Suite 1330
Cleveland, Ohio 44113
agoodman@aiglaw.com

          /s/ Jonathan T. Hyman
          Jonathan T. Hyman (0068812)
          jhyman@meyersroman.com
          *Counsel for Defendants*